IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
MUSKOGEE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL CASE NO. |
| | ) | 6:21-cr-00198-RAW |
| JIMMY HOLMES NACE | ) | |

<u>JIMMY NACE'S RESPONSE TO GOVERNMENT'S
MOTION FOR PROTECTIVE ORDER</u>

COMES NOW the Defendant, JIMMY NACE, by and through undersigned counsel and respectfully responds to the government's motion for a protective order. [Doc. 70]. In their motion, the government requests a protective order because the discovery "includes large quantities of personally identifying information (PII), cell phone records, financial records, military records, and medical records."

To protect these records, the government requests an order that would limit the defense from using the discovery material for any matter other than the criminal case, (Para. a), require compliance with Fed. R. Crim. P. 49.1(a) (Para. b), keep discovery material disclosing the victim's name in a secure place, (Para. c), shall not show discovery to others except during witness/investigative interviews, (Para. d), prohibits counsel from providing a copy of the discovery to the client, (Paras. e &

f), prohibit Counsel from showing discovery to witnesses (Para. f), prohibit providing work product summarizing discovery to Mr. Nace (Para. g), and finally requires destruction of discovery at the conclusion of the case. (Para. h).

Counsel has general objections to the government's requests, specific objections to provisions in the motion, and reserves the right to file additional objections once the discovery material is provided and reviewed by Counsel.

a.      General Objections

First, the government has failed to make a showing of "good cause" for the protective order to be issued. Rule 16 of the Federal Rules of Criminal Procedure provides, 'At any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). The government provides that the discovery contains personally identifiable information (PII), cell phone records, financial records, military records, and medical records. The PII and the financial records, on their face, Counsel would concede, could merit some protective measures. However, there are measure less restrictive than the language proposed by the government that could

protect the PII and the financial records. For example, the government could redact the PII or require defense Counsel to redact the PII and financial records before showing the material to Mr. Nace or witnesses.

Also, the government has made no showing that the cell phone records, the military records, or the medical records need to be protected. Furthermore, the government cites to the Crime Victim's Right Bill, 18 U.S.C. 3771(a)(8) for the proposition that the victim should be treated with fairness and respect." However, the government has not said that these are the victim's records. In fact, Counsel is not aware of the victim ever having served in the military. Therefore, the military records do not likely belong to the victim.

To the extent the Court grants the government's motions, Mr. Nace would like an opportunity to review the discovery materials before filing more specific objections to the materials.

Second, the government has already provided in this case. The government provided discovery on the following dates:

May 21, 2021
June 9, 2021
June 11, 2021
July 6, 2021
July 12, 2021
August 10, 2021

August 11, 2021
August 17, 2021
September 15, 2021
September 17, 2021
October 5, 2021
October 13, 2021

Counsel mentions the discovery distributions because it is important for the Court to know that the government has already provided extensive discovery in the case without seeking a protective order. This previously disclosed discovery contains the victim's name, PII, medical records, military records, witness statements, law enforcement memorandum, and other material. As a result, the material the government seeks to protect may already be in the hands Mr. Nace or others. Counsel cannot be responsible for parsing out which discovery was provided in one of the previous twelve discovery distributions compared to the forthcoming distribution.

Third, the government has had this material for long enough to redact the material. To my knowledge, the government has had this discovery material since at least November 12, 2021. The government has had the discovery for almost two months. The government has not taken measures to redact the information that cause them concern.

4

Furthermore, the government has not provided the discovery to Counsel, which is their requirement under Rule 16.

b.      Objections to Specific Requests

Mr. Nace also objects to specific requests in the government's motion. Paragraph A of the government's motion requests that discovery shall be used solely for the purposes of the criminal case. However, the government defines discovery so broadly as to include material defense counsel obtains. As a result of this overly-broad definition, any material Counsel obtains in our own investigation could only be used in the defense of Mr. Nace's criminal case. This is an overly-broad request.

Paragraph C of the government's request seeks to protect the victim's name.  Mr. Nace objects to this provision because the government has already provided discovery containing the victim's name. This also seems a ridiculous request as the victim – the deceased – was Mr. Nace's brother-in-law. The victim's name is not a secret to anyone.

Paragraphs D seems to be in conflict with Paragraph F. Paragraph D provides that defense counsel

> shall not disseminate or show the Discovery Materials or information contained therein to persons or parties who are not members of the Defense Teams; provided, however, that members of the Defense Teams may show Discovery

5

Materials or information contained therein to other persons during witness/investigative interviews.

(Para. D). Paragraph F contains a provision that seems to be in conflict with paragraph D. The relevant portion of paragraph F provides

Defendant's attorneys of records also agree not to show any such materials, memoranda, or witness interviews to any witness in the case, except for any transcribed testimony or written statement signed or expressly adopted by that witness

(Para. F). These two paragraphs seem to conflict with one another.

Furthermore, in order to properly investigate a criminal case, Counsel, at times, will need to show a witness a specific piece of discovery. Whether to remind the witness of a prior statement, consider whether the witness' statement is consistent or inconsistent with another witness' statement, or whether to show photographs or other discovery, witnesses need to review discovery, at times, during trial preparation.

Counsel can agree not to leave discovery that has been provided by the government as a part of Rule 16 in the possession of a witness.

Paragraphs E and F seem to seek the same protection: Counsel must maintain custody of the discovery and not leave it with Mr. Nace at the jail. Counsel objects to these paragraphs. First, Counsel firmly believes that as a criminal defendant facing life in prison, and without

6

the government showing good cause, Mr. Nace is entitled to the discovery. Along those lines, Mr. Nace has virtually unlimited time to review the discovery. He can assist in trial preparation in ways that Counsel cannot. As the government has already represented, the discovery contains "large quantities." It will take Counsel time to review the discovery and more time to review the discovery with Mr. Nace. In fact, if prohibited from leaving the discovery with Mr. Nace, Counsel may not be prepared for trail on March 1, especially considering how close we already are to our trial date.

Counsel also objects to Paragraph G seek to prohibit Counsel from disclosing notes or records that relate to the contents of discovery. This means, as Counsel understands, that the government seeks to prevent Counsel from reviewing work product that summarizes or analyzes the discovery with Mr. Nace. Charts, graphs, and other demonstrative exhibits prepared by Counsel (or the defense team) could not be left with Mr. Nace or shown to witnesses in preparation of trial.

Once Counsel has an opportunity to review the discovery at issue, Counsel may have additional objections.

c.    No Objections

Counsel has no objection to complying with Rule 49.1(a) of the Federal Rules of Criminal Procedure, as requested in Paragraph B, and Counsel has no objection to destroying or returning the discovery at the conclusion of the case, as requested by Paragraph H.

WHEREFORE, Mr. Nace requests that the government's motion for a protective order be denied in part.


Dated:  This 7th day of January, 2022.

Respectfully Submitted,

*/s/ J. Wesley Bryant*
J. Wesley Bryant
Georgia Bar No. 091621
Attorney for Jimmy Nace

Federal Defender Program, Inc.
101 Marietta Street, NW
Centennial Tower, Suite 1500
Atlanta, Georgia 30303
404-688-7530
Wes_Bryant@fd.org

<u>CERTIFICATE OF SERVICE AND COMPLIANCE</u>

I hereby certify that the foregoing Response to Government's Motion for Protective Order has been formatted in Century Schoolbook 14 pt., in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

> Terry Cameron McEwen
> Assistant United States Attorney
> 520 Denison Avenue
> Muskogee, OK 74401
> Cameron.Mcewen@usdoj.gov

Dated: This 7th day of January, 2022.

> */s/ J. Wesley Bryant*
> J. Wesley Bryant
> Georgia Bar No. 091621
> Attorney for Jimmy Nace

Federal Defender Program, Inc.
101 Marietta Street, NW
Centennial Tower, Suite 1500
Atlanta, Georgia 30303
404-688-7530
Wes_Bryant@fd.org