IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
MUSKOGEE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| v. | 6:21-CR-00198-RAW-1 |
| JIMMY HOLMES NACE | |

## MOTION TO SUPPRESS STATEMENTS
## MADE TO LAW ENFORCEMENT

COMES NOW, Jimmy Nace, by and through undersigned counsel, hereby moves this Court to suppress the statements he made to law enforcement during their investigation into the death of Bobby Dalpoas on or about July 4, 2019 and July 10, 2019.

Mr. Nace is charged in a two-defendant, single-count superseding indictment with the murder of Bobby Dalpoas. The indictment alleges,

> On or about July 3, 2019, within the Eastern District of Oklahoma, in Indian Country, the defendants, JIMMY HOLMES NACE, a non-Indian, and MATTHEW JENNINGS VERMILLION, a non-Indian, willfully, deliberately, maliciously, and with premeditation and malice aforethought, did unlawfully kill Bobby Joe Dalpoas, an Indian, in violation of Title 18, United States Code, Sections 1111(a), 1151, 1152, and 2.

(Doc. 74). To this indictment, Mr. Nace has entered a plea of not guilty. (Doc. 87).

1

In addition, Mr. Nace's co-defendant, Matthew Vermillion, entered a plea of guilty on January 20, 2022 (Doc. 90). As a result, Mr. Vermillion has been removed from the trial scheduled on March 1, 2022. (Doc. 94).

The superseding indictment against Mr. Nace started with an investigation into a body being recovered at the Bache Cemetery on July 4, 2019. Shortly after law enforcement located the body of Bobby Dalpoas at the Bache Cemetery, Mr. Dalpoas' wife, Sheryl, called law enforcement to report her husband missing. During their investigation, law enforcement interrogated Jimmy Nace on or about July 4, 2019. Law enforcement did not inform Mr. Nace of his rights under *Miranda*. On or about the same day, law enforcement may have interrogated Mr. Nace a second time. Following their interrogations of Mr. Nace, law enforcement interrogated Mr. Nace a second time on July 10, 2019.

In order to use any statements attributed to Mr. Nace, the government must first prove that the statements were made voluntarily and not in violation of *Miranda*. *Jackson v. Denno*, 378 U.S. 368, 376-377 (1964); *Miranda v. Arizona*, 384 U.S. 436-468, 69 (1966). On the contrary, any statements made by Mr. Nace were done so involuntarily and without a knowing waiver of his *Miranda* rights, all in violation of the Fifth Amendment to the United States Constitution. As such, the statements should be suppressed.

As a threshold matter, all of the interviews were custodial interrogations, such that *Miranda* applies.  When law enforcement officers arrived at his home on July 4, they detained Mr. Nace, and Mr. Nace did not feel as though he was free to leave. Mr. Nace was in his house, surrounded by law enforcement officers wearing firearms. He had no place else to go.

Moreover, the statements made by Mr. Nace at each of the interrogations were involuntary.  *Jackson v. Denno*, 378 U.S. at 380 (describing that a defendant objecting to the admission of inculpatory statements "is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined").  "The Due Process Clause requires that the states ensure that the trial judge, another judge, or another jury, but not the convicting jury, fully resolves the issue of voluntariness before a confession is admitted into evidence."  *Church v. Sullivan*, 942 F.2d 1501, 1516 (10th Cir. 1991) (quoting *Jackson v. Denno*, internal quotation marks omitted).

The government bears the burden of proving that a defendant's statements are admissible.  *Taylor v. Alabama*, 457 U.S. 687, 690 (1982).  "For purposes of testing the admissibility of a suspect's statements, voluntariness depends upon an assessment of 'the totality of all the surrounding circumstances,' including 'both the characteristics of the accused and the details of the interrogation.'"  *United States v. Chalan*, 812 F.2d 1302, 1307 (10th Cir. 1987) (quoting *Schneckloth v. Bustamonte*,

3

412 U.S. 218, 226 (1973)).  In this case, the government cannot show that the statements were voluntarily made, in light of the circumstances surrounding the agents' interrogations of Mr. Nace.

After consulting with the prosecutor on this motion, the government opposes our request.

WHEREFORE, Mr. Nace respectfully requests that this Court conduct a pretrial evidentiary hearing on this matter to determine the admissibility of any statements he made during law enforcement's investigation from July 4 through July 10, 2019.

Dated:  This 24th day of January, 2021.

Respectfully submitted,

*/s/ J. Wesley Bryant*
J. WESLEY BRYANT
Georgia Bar No. 091621
Attorney for Mr. Nace

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
Wes_Bryant@fd.org

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing Motion to Suppress Statements has been formatted in Times New Roman 14 point, in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

>T. Cameron McEwen
>Assistant United States Attorney
>Eastern District of Oklahoma
>520 Denison Ave
>Muskogee, OK 74401

Dated:  This 24th day of January, 2021.

>*/s/ J. Wesley Bryant*
>J. WESLEY BRYANT
>Georgia Bar No. 091621
>Attorney for Mr. Nace