IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JIMMY HOLMES NACE, et al,<br><br>*Defendant*. | Case No. CR-21-198-RAW |

### UNITED STATES MOTION IN LIMINE

Comes now the United States of America, by and through Christopher J. Wilson, United States Attorney, and T. Cameron McEwen, Assistant United States Attorney, pursuant to Rules 401-404 of the Federal Rules of Evidence, and respectfully requests the Court to prohibit Defendant from eliciting testimony of specific instances of conduct as evidence of Defendant or alleged victim's character or character trait.  The Government discussed this Motion with defense counsel.  Defense counsel is reviewing the Motion and considering his position on the matter.  In support of its Motion, the Government would show the following:

On February 10, 2022, defense counsel for Jimmy Holmes Nace sent the United States an email implying that Defendant intends to introduce evidence at trial of the alleged victim's "aptitude for getting into fights when he drinks."  Defendant is also requesting a jury instruction regarding self-defense.  *See* Doc. #111 at pg. 17.

Generally, character evidence is "not admissible to prove that on a particular occasion the person acted in accordance with [his] character or trait." Fed. R. Evid. 404(a)(1).  However, in certain circumstances, a defendant may offer evidence of either his own character or of the alleged victim's character.  Fed. R. Evid. 404(a)(2).  This commonly occurs in cases where a defendant

1

asserts self-defense and offers evidence of his own character for peacefulness or law-abidingness, or alternatively, of the alleged victim's character for aggression or violence. *See, e.g., United States v. Talamante*, 981 F.2d 1153, 1155-56 (10th Cir. 1992). When character evidence is admissible, the proponent of the evidence may only elicit the evidence in the form of opinion or reputation testimony. *See* Fed. R. Evid. 405(a); *Talamante*, 981 F.2d at 1156 ("When character evidence is used circumstantially to create an inference that a person acted in conformity with his or her character, Rule 405 allows proof of character only by reputation and opinion."). It is well-established that a defendant may not offer or elicit specific instances of either his own or the victim's conduct to establish their character. *See United States v. Yazzie*, 188 F.3d 1178, 1187-90 (10th Cir. 1999); *United States v. Herder*, 59 Fed. Appx. 257, 263-64 (10th Cir. 2003) (unpub.)

Wherefore, the United States respectfully requests that Defendant be instructed that if he seeks to elicit character evidence – either regarding himself or of the alleged victim – that it be limited in the form of opinion or reputation and to instruct defense witnesses, if any, that their testimony will be limited in such a fashion.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*/s/ T. Cameron McEwen*
T. CAMERON MCEWEN
AL BAR # 7161-R67M
Assistant United States Attorney
Eastern District of Oklahoma
520 Denison Ave.
Muskogee, OK 74401
(918) 684-5100
Cameron.McEwen@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 11, 2022, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

J. Wesley Bryant, Attorney for Jimmy Holmes Nace

*/s/ T. Cameron McEwen*
T. CAMERON MCEWEN
Office of the United States Attorney