# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>JIMMY NACE,<br><br>  Defendant. | Case No. CR-21-198-RAW |

## ORDER

The Defendant, a non-Indian, is charged in this case with the murder of Bobby Joe Dalpoas, an Indian, in Indian Country. Now before the court is the Government's motion in limine to exclude evidence of the Defendant's or the alleged victim's character [Docket No. 130]. The Government requests that the court prohibit the Defendant from offering or eliciting specific instances of either his own or Mr. Dalpoa's conduct to establish their character and that the court limit any character evidence to the form of opinion or reputation testimony pursuant to Rule 405(a).

The Defendant informs the court that he did not suggest that he would seek to admit character evidence or specific instances of conduct to prove propensity or self defense. Instead, based on the Government's trial brief, the Defendant expects that the Government will introduce evidence of the violent ways Mr. Dalpoa treated his wife, the Defendant's sister, as a motive for the Defendant's conduct. The Defendant then intends to cross-examine any witnesses about such violence and what the Defendant's knowledge of that violence may have been.

The Defendant further states that even if the Government does not introduce evidence of Mr. Dalpoa's violence or history of violent conduct against Ms. Dalpoa, the jury should be allowed to consider the motive that others would have had to kill Mr. Dalpoas, including Tyler Morgan (Ms. Dalpoa's son) and Matthew Vermillion (Ms. Dalpoa's friend with whom she sought refuge when she felt threatened by Mr. Dalpoa and Tyler Morgan's father-in-law).  The Defendant intends to question the Government's witnesses – specifically, Ms. Dalpoa, Tyler Morgan, and Matthew Vermillion – about their motive to confront Mr. Dalpoas, including their knowledge of his violent conduct.

At the pretrial conference on February 17, 2022, the Government stated that it will not introduce specific instances of Mr. Dalpoa's conduct.  The Government argued that while the Defendant may offer or elicit character evidence in the form of opinion or reputation testimony, he should be prohibited from offering or eliciting specific instances of either his own or Mr. Dalpoa's conduct to establish their character.

The Defendant indicated no intention of introducing evidence of specific instances of his own conduct as evidence of his character.  He again argued that evidence of Tyler Morgan's, and Matthew Vermillion's knowledge of specific instances of Mr. Dalpoa's conduct are relevant and admissible to show their possible motives under Fed. R. Evid. 404(b).

The court agrees.  Rule 404(b)(1) prohibits evidence of any other crime, wrong, or act "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."  Rule 404(b)(2), however, permits such evidence "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident."  The Defendant seeks to elicit testimony from Ms. Dalpoa, Tyler Morgan, and/or Matthew Vermillion about Tyler Morgan's, and/or Matthew

Vermillion's knowledge of Mr. Dalpoa's violent acts against Ms. Dalpoa to establish their possible motives. This is permissible under Rule 404(b)(2).[*]

Moreover, pursuant to Rule 403, the court finds that the probative value is not substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

The motion [Docket No. 130] is MOOT as to evidence of specific instances of Defendant's conduct. It is DENIED as to testimony by Ms. Dalpoa, Tyler Morgan, and/or Matthew Vermillion as to Tyler Morgan's and/or Matthew Vermillion's knowledge of Mr. Dalpoa's conduct to show their possible motives.

---

[*] The Government suggested at the pretrial conference that Rule 404(b) cannot be used against a witness, but acknowledged that it applies to other crimes, wrongs, or acts of a defendant or a victim. There is no such limitation on Rule 404(b). The plain language of Rule 404(b)(1) indicates that it applies to "persons," and Rule 404(b)(2) does not limit the "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" to that of only the defendant or the victim.

Pursuant to Rule 404(b), courts have routinely allowed evidence of defendant's knowledge of a victim's prior acts to support a claim of self-defense. *See United States v. Tony*, 948 F.3d 1259 (10th Cir. 2020) (overruling the district court's ruling prohibiting the defendant who had asserted self-defense theory from introducing evidence of the victim's methamphetamine use before the fight pursuant to Rule 404(b)(2)); *United States v. Bordeaux*, 570 F.3d 1041, 1049 (8th Cir. 2009) ("[E]vidence of prior bad acts of the victim are admissible under Rule 404(b) to establish the defendant's state of mind and the reasonableness of the defendant's use of force."); *United States v. Saenz*, 179 F.3d 686, 688 (9th Cir. 1999) ("By its plain language, Rule 404(b) only prohibits evidence of other acts to prove the character of the person who committed the other acts and to prove that person's actions in conformity with that character. Rule 404(b) does *not* apply when a defendant seeks to introduce evidence that *he knew* of a victim's other acts to show the *defendant's state of mind*.").

In the same vein, Rule 404(b) would permit evidence of others' knowledge of a victim's prior acts and resulting motive to kill the victim to support a defendant's alternative perpetrator defense. In fact, Rule 404(b) "is not so limited in its application . . . and evidence of a *witness'* other wrongs, acts, or crimes is admissible 'for defensive purposes if it tends, alone, or with other evidence, to negate the defendant's guilt of the crime charged against him.'" *United States v. Montelongo*, 420 F.3d 1169, 1174 (10th Cir. 2005) (emphasis added and citation omitted).

**IT IS SO ORDERED** this 28th day of February, 2022.

                                                                               *Ronald A. White*

                                          **THE HONORABLE RONALD A. WHITE**
                                          **UNITED STATES DISTRICT JUDGE**
                                          **EASTERN DISTRICT OF OKLAHOMA**