## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| *Plaintiff*, | |
| **v.** | **Case No. CR-21-198-RAW** |
| **JIMMY HOLMES NACE, et al,** | |
| *Defendant*. | |

## UNITED STATES' RESPONSE TO DEFENDANT'S
## MOTION IN LIMINE RE:  THE RULE OF COMPLETENESS

Comes now the United States of America, by and through Christopher J. Wilson, United States Attorney, and T. Cameron McEwen, Assistant United States Attorney, and respectfully requests the Court to deny Defendant's Motion in Limine Re:  The Rule of Completeness (Doc. #151).

In his Motion in Limine, Defendant asks the Court for permission to admit and/or publish additional portions of Defendant's August 6, 2019 audio statement to "provide context to the portions of the statement the government intends to publish."  Doc. #115 at pg. 1.  The specific audio clips relevant to Defendant's Motion in Limine are as follows:

1. Audio Statement – Jimmy Holmes Nace's August 6, 2019 Statement (20:48-21:03). Government Trial Exhibit 39.

2. Audio Statement – Jimmy Holmes Nace's August 6, 2019 Statement (22:06-22:12). Government's Trial Exhibit 41.

3. Audio Statement – Jimmy Holmes Nace's August 6, 2019 Statement (26:26-27:15). Government's Trial Exhibit 44.

4. Audio Statement – Jimmy Holmes Nace's August 6, 2019 Statement (28:17-28:23). Government's Trial Exhibit 46.

Pursuant to Federal Rule of Evidence 106, Defendant may request the "rule of completeness" as to the recordings mentioned above. But the statements in those recordings are hearsay when offered by Defendant, and he may not circumvent the prohibition against hearsay by way of Rule 106. *Woody*, 336 F.R.D. at 362-63. Rule 106's purpose "is merely to make sure that a misleading impression created by taking matters out of context is corrected on the spot." *United States v. LeFevour*, 798 F.2d 977, 981 (7th Cir. 1986); *Echo Acceptance Corp. v. Household Retail Servs., Inc.*, 267 F.3d 1068, 1089 (10th Cir. 2001). The "rule of completeness" does not compel the admission of otherwise inadmissible hearsay; it is merely a remedy when a party offers a "misleadingly-tailored snippet" such that an inextricably intertwined statement may be offered to cure the misleading nature of the snippet. *United States v. Goxcon-Chagal*, No. CR 11-2002, 2012 WL 3249473, at *6-*7 (D.N.M. Aug. 4, 2012) (quotations omitted).

Pursuant to Rule 106, Defendant may introduce only the additional parts of the recordings "that [are] relevant and [are] necessary to qualify, explain, or place into context the portion already introduced." *United States v. Pendas-Martinez*, 845 F.2d 938, 944 (11th Cir. 1988); *see also United States v. Branch*, 91 F.3d 699, 728 (5th Cir. 1996) ("Although different circuits have elaborated Rule 106's fairness standard in different ways, common to all is the requirement that the omitted portion be relevant and necessary to qualify, explain, or place into context the portion already introduced.") (quoting *Pendas-Martinez*, 845 F.2d at 944). It is Defendant's burden to show that the statements offered against him are taken out of context and that additional statements should be played to "qualify, explain, or place into context the portion already introduced." *Branch*, 91 F.3d at 728; *see, e.g.*, Fed. R. Evid. 106; *Echo Acceptance Corp.*, 267 F.3d at 1089.

First, in Government's Trial Exhibit 39, Defendant states, "Bobby fucking finally came to. We got him in the truck. Bobby finally came to, and he was bubbling. The blood was bubbling.

2

I was like dude turn him on his freaking side man, cause he had him on his back." The Government intends to admit this statement into evidence at trial to show that Bobby Joe Dalpaos was alive after the fight and while being loaded into Matthew Vermillion's truck. Defendant would like permission of the Court to admit and/or publish the portions highlighted in blue on pages 11-12 of Doc. #151-1. The introduction of these statements at trial by Defendant, which were made by Defendant before and after Defendant's statements in Government's Trial Exhibit 39, does not provide context to the statements, is irrelevant to the purpose of why the Government is introducing the statements, and is nothing more than an attempt by Defendant to circumvent the hearsay rule and introduce inadmissible self-serving hearsay.

Second, in Government's Trial Exhibit 41, after being asked, "Who loaded him in the truck?" Defendant states, "Matt made me and Tyler help him load him in the truck." The Government intends to admit this statement into evidence at trial to show who loaded Bobby Joe Dalpoas into Matthew Vermillion's truck after the fight. Defendant would like permission of the Court to admit and/or publish the portions highlighted in blue and partly in yellow on page 13 of Doc. #151-1. The introduction of these statements at trial by Defendant, which were made by Defendant after Defendant's statements in Government's Trial Exhibit 41, does not provide context to the statements, is irrelevant to the purpose of why the Government is introducing the statements, is improper character evidence, and is nothing more than an attempt by Defendant to circumvent the hearsay rule and introduce inadmissible self-serving hearsay.

Third, Defendant asks permission to admit and/or publish, "Do you want to be the first one? Because it always seems to work out better for that guy. Didn't I?" (Doc. #151-1 at pg. 16). The Government agrees with Defendant that the additional portion of the officer's statement does provide context and complete the officer's statement. It has been included in Government's Trial

Exhibit 44.  Therefore, since the Government has already included this statement in Exhibit 44, Defendant's request to admit and/or publish this portion of the officer's statement is moot.

Lastly, Defendant asks permission to admit and/or publish, "That's the way my life is gonna be." (Doc. #151-1 at pg. 16).  The Government agrees with Defendant that the additional portion of Defendant's statement does provide context and complete Defendant's statement.  It has been included in Government's Trial Exhibit 46.  Therefore, since the Government has already included this statement in Exhibit 46, Defendant's request to admit and/or publish this portion of Defendant's statement is moot.

Wherefore, the United States respectfully requests this Court to deny Defendant's Motion in Limine Re:  The Rule of Completeness (Doc. #151) because admission of the statements is inadmissible hearsay or moot.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*/s/ T. Cameron McEwen*
T. CAMERON MCEWEN
AL BAR # 7161-R67M
Assistant United States Attorney
Eastern District of Oklahoma
520 Denison Ave.
Muskogee, OK 74401
(918) 684-5100
Cameron.McEwen@usdoj.gov

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 1, 2022, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

J. Wesley Bryant, Attorney for Jimmy Holmes Nace

*/s/ T. Cameron McEwen*
T. CAMERON MCEWEN
Office of the United States Attorney