IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff,*<br><br>v.<br><br>JIMMY HOLMES NACE, et al,<br><br>*Defendant.* | Case No. CR-21-198-RAW |

### UNITED STATES' MOTION IN LIMINE REGARDING AUDIO PRESENTATION AT TRIAL

Comes now the United States of America, by and through Christopher J. Wilson, United States Attorney, and Michael R. Warren, Assistant United States Attorney, and respectfully requests this Court to enter an order permitting the prosecution to play "high-quality denoised" (HQ denoised) versions of all admitted audio recordings during the upcoming jury trial.

The government has provided defense counsel with audio recordings from the August 6, 2019, confession of Jimmy Holmes Nace. In the recordings, Nace makes several inculpatory statements to law enforcement. For example, Nace makes clear that the victim, Bobby Dalpoas, was alive when he was loaded into the back of co-defendant Matt Vermillion's pickup truck before being driven to a cemetery where Mr. Dalpoas was then murdered. Further, the defendant demonstrated a guilty conscience when stated that he was "going to hell" because of what had occurred.

Due to issues with the quality of the audio, on February 7, 2022, the government turned over additional enhanced versions of the audio recordings. Specifically, the government provided the defendant with a "high-quality" version and a "high-quality denoised" version. On February 17, 2022, the date of the pre-trial conference, counsel for the government asked counsel for the

1

defendant if the defendant had any objection to playing either enhanced version. Although counsel for the defendant did not assert that the enhancements altered the content of the recordings, counsel for the defendant stated that he objected to any modification of the original version.

Hoping to avoid seeking intervention from the Court, the attorneys for the government met with court staff on February 28, 2022, to play each recording inside the courtroom to ascertain whether the original version was audible. Unfortunately, several portions of the original version contain sufficient background noise as to drown out the defendant's voice. By far the best version of the audio recordings are the high-quality denoised versions wherein the background noise has been significantly reduced. This same day, the government reached out to the defendant and asked that the defendant articulate his objection to the denoised version.

On March 2, 2022, defense counsel for Nace sent the government an email stating that he objected to admission of the HQ denoised audio recordings. Defense counsel stated:

> "(W)e object to the modified recording being played for the jury. The recording has been modified. I know your position is that the modified recording is easier to hear. However, being easier to hear takes it out of context. If I am being questioned by someone in a loud room, I will be speaking up or speaking loudly so that the other person can hear me. If you take away the background noise, it all of a sudden sounds like I am yelling. I am of the opinion that the original should be played."

With respect to the defendant's position, the Court should allow the jury to hear the denoised version of the audio equipment so that the jury can properly hear what is being said. The

denoised version does not change the volume, tone, or inflection of the defendant's voice. Instead, the denoised version simply allows the jury to better understand important evidence.

The government has previously provided the Court with two versions of each audio file the government may introduce at trial. The Court has the high-quality and high-quality denoised of each track. Attached to this motion is the original version of all government audio exhibits. The merit of the government's motion will become evident to the Court upon comparing the different versions. For example, in the original version of Government Exhibit 46, it is extremely hard to hear what the defendant is saying. In the "HQ denoised" version, the defendant is clearly heard to say "I know I am, (going to hell) it's the way my life's always been."

It is well settled in this circuit that the admissibility of tape recordings that are partially inaudible lies within the sound discretion of the trial court. *United States v. Watson,* 594 F.2d 1330, 1335 (10th Cir. 1979); *United States v. Brinklow,* 560 F.2d 1008, 1011 (10th Cir. 1977). *United States v. Devous*, 764 F.2d 1349, 1353 (10th Cir. 1985).

Enhancements of the audio recordings will not render the end product and improved recording somehow suspect and less accurate, particularly if the voices are made more clear. *United States v. Carbone*, 798 F.2d 21, 24 (1st Cir. 1986) (As long as the tape recording is properly authenticated, we see no reason why a recording that has been enhanced to improve its audibility by filtering out background noises and improving the clarity of the voices should not also be allowed in evidence); *See also Fountain v. United States,* 384 F.2d 624, 631 (5th Cir. 1967).

Wherefore, the United States respectfully requests a pre-trial ruling permitting the government to admit "HQ denoised" versions of audio recordings at trial.

3

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*/s/ Michael R. Warren*
Michael R. Warren
FL BAR # 125162
Assistant United States Attorney
Eastern District of Oklahoma
520 Denison Ave.
Muskogee, OK 74401
(918) 684-5100
Michael.warren4@usdoj.gov

## CERTIFICATE OF SERVICE

  I hereby certify that on March 3, 2022, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing. Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

  J. Wesley Bryant, Attorney for Jimmy Holmes Nace

                */s/ Michael R. Warren*
                Michael R. Warren
                Office of the United States Attorney