IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>JIMMY HOLMES NACE, et al,<br><br>*Defendant.* | Case No. CR-21-198-RAW |

**UNITED STATES' MOTION IN LIMINE AND
REQUEST TO *VOIR DIRE* WITNESSES**

Comes now the United States of America, by and through Christopher J. Wilson, United States Attorney, and T. Cameron McEwen, Assistant United States Attorney, pursuant to Rules 403 and 802 of the Federal Rules of Evidence, and respectfully requests that the Court prohibit Defendant from eliciting testimony of the victim's alleged sexual history with S.D.'s daughter. If called as a witness at trial, the government also requests the opportunity to *voir dire* S.D., Matthew Jennings Vermillion, and Tyler Morgan outside the presence of the jury on their knowledge of victim's prior violent acts against S.D. and Morgan prior to testifying as well as requests that the Court prohibit defense counsel from talking about the victim's violent acts in his opening statement and until S.D., Vermillion, and Morgan's knowledge can be ascertained so the parties know what testimony will be permitted by the Court. Defendant opposes the relief requested by the government in this Motion and notified the government that he intends to elicit testimony at trial of the victim's alleged sexual history with S.D.'s daughter. In support of its Motion, the government would show the following:

1

## I.   INTRODUCTION

On March 1, 2022, S.D., the victim's wife, made a statement to the FBI claiming that the victim had prior sexual relations with S.D.'s daughter, R.C., including allegedly raping her on at least one occasion [Bates Stamp #00004883-4884].[1]  S.D.'s statement conflicts with a statement made by R.C. to a United States Army prosecutor in an interview on September 26, 2019 [Bates Stamp #00001528-1532].  In R.C.'s statement she claims the victim made "passes" at her, and one night when she was drinking the victim went into her pants, but there is no mention in her statement that she was raped.  Furthermore, R.C.'s statement implies that the victim did not have sex with R.C., only that the victim claimed he did.  Additionally, in S.D.'s statement to the FBI she claims there was a prior encounter between the victim and Morgan where the victim chased Morgan around the house with an object, possibly a chair leg [Bates Stamp #00004883-4884].

On February 28, 2022, the Court issued an order [Doc. #162] allowing Defendant to elicit testimony at trial through S.D., Matthew Jennings Vermillion, and Tyler Morgan of their "knowledge of [victim's] violent acts against [S.D.] to establish their possible motives."  Doc. #162 at pg. 3.  The order limits the testimony of S.D., Vermillion, and Morgan to their knowledge of the victim's violent acts against S.D.  Although the Court's order is specific to S.D., Vermillion, and Morgan's knowledge of the victim's violent acts against S.D., Defendant is interpreting the Court's order as an opening for him to elicit any such testimony that he believes establishes a possible motive for S.D., Vermillion, and Morgan to kill or be involved in the death of the victim, including the victim's alleged sexual history with R.C.

---

[1] March 1, 2022 was the first day the FBI was able to make contact with S.D.  All previous attempts were unsuccessful.  During its contact with S.D. on this day, she informed the FBI that she already spoke with representatives of Defendant's defense team.

## II.   ANALYSIS

**A. Testimony of the Victim's Alleged Prior Sexual Relationship with R.C. Should be Prohibited by FRE 403 and 802.**

Pursuant to Rule 403 of the Federal Rules of Criminal Evidence, any testimony of the victim's alleged prior sexual relationship with R.C. is highly prejudicial to the government. There is absolutely no link in this case to the victim's alleged prior sexual relationship with R.C. and the victim's death. Based on statements by witnesses in the case, including statements by Defendant, Vermillion, and Morgan, S.D. and Defendant left victim's residence the night of the July 3, 2019, because of how the victim was treating S.D. It had nothing to do with R.C. In fact, there is nothing in Defendant, Vermillion, and Morgan's statements to law enforcement to indicate they knew anything about any alleged sexual relationship between the victim and R.C.

S.D.'s statement to the FBI regarding the victim's alleged sexual relationship with R.C. is based on hearsay. Furthermore, S.D. and R.C.'s statements conflict with each other and call into question the veracity of S.D.'s statement. Also, the victim was never charged or arrested for raping or sexually assaulting R.C. Additionally, the victim is not alive to defend himself or explain the extent of his relationship with R.C. Any testimony along these lines from S.D. would be hearsay and has no probative value. This testimony would only mislead and confuse the jury and is highly prejudicial to the government. Therefore, testimony of the victim's alleged prior sexual relationship with R.C. should be prohibited.

**B. The Government Should be Allowed to *Voir Dire* S.D., Vermillion, and Morgan Prior to Their Testimony and Outside the Presence of the Jury to Establish Their Knowledge of the Victim's Violent Acts Against S.D. and Morgan.**

As discussed above, Defendant may try to elicit testimony at trial that Defendant engaged in a violent act against Morgan when he chased him around the house with an object. Now that Defendant is permitted to elicit testimony at trial of the victim's violent acts against S.D. through

S.D., Vermillion, and Morgan to establish their motives, the Court's order in Doc. #162 may also open the door to the victim's violent act(s) against Morgan, if any exist. While the discovery in this case indicates S.D., Vermillion, and/or Morgan have some knowledge of the victim's violent acts against S.D. and Morgan, it is unclear where, when, and how much information was obtained by each individual, especially Vermillion and Morgan. The only specific instances of alleged violent acts between the victim and S.D. referenced in Defendant's pre-trial pleadings is the incident where S.D. shot the victim and an incident where S.D. sought a protective order against the victim. Vermillion and Morgan were not present when S.D. shot the victim and have no personal knowledge of the event or the circumstances surrounding it. Likewise, with the events surrounding the protective order. In fact, Morgan was out-of-state serving in the United States Army when S.D. shot the victim. If Vermillion and Morgan were not present for the shooting, the protective order incident, and other alleged violent acts involving the victim and S.D., their knowledge would be based on hearsay and speculation, if they know about them at all, and inadmissible. Because of this, it would be improper for Defendant to be allowed to go on a fishing exhibition at trial in front of the jury with each of these witnesses to explore what they may or may not know about the victim's violent acts. Doing so would ring bells that cannot be unrung with the jury, likely elicit inadmissible hearsay and speculative testimony, and highly prejudice the government. Therefore, if called as a witness at trial, the government respectfully requests that it be allowed to *voir dire* S.D., Vermillion, and Morgan prior to their testimonies and outside the presence of the jury to establish what they may or may not know about the victim's violent acts against S.D. and Morgan, so that only testimony permitted by the Court is elicited before the jury. *See Taylor v. Illinois*, 484 U.S. 400 (1988) (the *voir dire* examination of a witness adequately protects the prosecution from prejudice resulting from surprise).

### III.   CONCLUSION

Wherefore, the United States respectfully requests the Court prohibit Defendant from eliciting testimony of the victim's alleged sexual history with S.D.'s daughter.  Also, if called as witness at trial, the government requests the opportunity to *voir dire* S.D., Matthew Jennings Vermillion, and Tyler Morgan outside the presence of the jury on their knowledge of victim's prior violent acts against S.D. and Morgan prior to testifying as well as requests that the Court prohibit defense counsel from talking about the victim's violent acts in his opening statement and until S.D., Vermillion, and Morgan's knowledge can be ascertained so the parties know what testimony will be permitted by the Court.

Respectfully submitted,

CHRISTOPHER J. WILSON
United States Attorney

*/s/ T. Cameron McEwen*
T. CAMERON MCEWEN
AL BAR # 7161-R67M
Assistant United States Attorney
Eastern District of Oklahoma
520 Denison Ave.
Muskogee, OK 74401
(918) 684-5100
Cameron.McEwen@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2022, I electronically transmitted the attached documents to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

J. Wesley Bryant, Attorney for Jimmy Holmes Nace

*/s/ T. Cameron McEwen*
T. CAMERON MCEWEN
Office of the United States Attorney