IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA
MUSKOGEE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL ACTION NO. |
| | : | 6:21-CR-198-RAW |
| JIMMY NACE | : | |

_____

## OBJECTIONS TO REPORT AND RECOMMENDATION

COMES NOW the Defendant, JIMMY NACE, by and through undersigned counsel, and file the following objections to the magistrate court's report and recommendation related to Mr. Nace's motion to suppress his statements. (Doc. 150). In support, Mr. Nace shows the Court as follows:

The magistrate court held a hearing on Mr. Nace's motion to suppress his statements on Wednesday, February 16, 2022. (Doc. 140). As the report and recommendation correctly points out, there were four different interviews of Mr. Nace with the fourth interview on August 6, 2019, being the custodial interview. (Doc. 150 at 5). At approximately the 16:48 mark of the more than 40-minutes custodial interrogation, Officer Hass said to Mr. Nace,

> **OFFICER:** And I don't know I don't know I don't know how the D. A. will handle this tomorrow. I don't know that that that that the death penalty will not come into play here because it was a heinous crime. It was a bad deal. And so at this point, if I was you I'd be like shit, I'm sorry. Here's what happened. I didn't mean to do it. It just happened. That's what I would do. But I mean you do you, Jimmy. Like I said, I've got my case built. I've got the story, we've got other information

>that's going to be in the case file. Um you uh, we we swabbed the bench for DNA. Um you know damn good and well that on something as rough as that bench you're gonna have some DNA on their um unless you had some gloves on but I don't think you're that smart. Um and this is this is your opportunity to tell the truth and to go lay down back there and ask God for forgiveness for what you did.  Or you can keep lying to me, Jimmy. And I'm just gonna put it in front of a jury and I have a feeling you're gonna lose this deal. [Jimmy inaudible]. Yeah I ain't gonna lie to Jimmy, you are. You're gonna lose this deal with you everywhere you go. But here's here's the thing you can go with a clear conscience or you cannot. [Jimmy inaudible] Why? Because he used to beat on your sister. So you think it's alright for you to kill him and mutilate his body?

Further in the interrogation, at around the 19:27 mark, the following exchange occurred,

>**JIMMY:** Anyway I can get a deal if I tell the truth?
>
>**Officer:**  If you tell the truth I will talk to the DA and tell him that you cooperated and and if if he works you a deal I would have no problem with it. But Jimmy I wanna tell you something. I've got to, before I can do that I've gotta see remorse. I've got to see that that you're sorry about what you did.

Any person subject to custodial interrogation is constitutionally entitled to receive *Miranda* rights, and failure to receive these rights makes any subsequent statements per se inadmissible.  *See. Dickerson v. United States*, 530 U.S. 428 (2000); *Miranda v. Arizona*, 384 U.S. 436 (1966). Custodial interrogation is defined as "questioning initiated by law enforcement officers after a person has been taken

2

into custody or otherwise deprived of his freedom of action in any significant way." *Oregon v. Mathiason*, 429 U.S. 492, 494 (1977).

Whether a person is "in custody" such that they are entitled to *Miranda* warnings is a mixed question of fact and law. *Thompson v. Keohane*, 516 U.S. 99, 112 (1995). Courts must first identify the circumstances surrounding the interrogation, and then determine whether under those circumstances "a reasonable person [would] have felt he or she was at liberty to terminate the interrogation and leave." *Id*. "[A] suspect can be placed in police 'custody' for purposes of *Miranda* before he has been 'arrested' in the Fourth Amendment sense." *United States v. Perdue*, 8 F.3d 1455, 1463-64 (10th Cir. 1993) (citing *Berkemer v. McCarty*; 468 U.S. 420, 441 (1984)).

The question this Court must answer is whether the "confession [is] the product of an essentially free and unconstrained choice by its maker? If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for self-determination critically impaired, the use of his confession offends due process." *United States v. Perdue,* 8 F.3d 1455, 1466 (10th Cir. 1993). Further, "[w]hen the government obtains incriminating statements through acts, threats, or promises which cause the defendant's will to be overborne, it violates the defendant's Fifth Amendment rights and the statements are inadmissible at trial as evidence of guilt." *United States v. Toles,* 297 F.3d 959, 965

3

(10th Cir. 2002).

In *United States v. Lopez*, 437 F.3d 1059 (10th Cir. 2006), the district court granted the defendant's motion to suppress statements based on the interviewing agent representing to the defendant that he would get a six-year sentence if he admitted his conduct was a mistake compared to a 60 year sentence for murder. *Id*. at 1065. The district court also pointed out that the agent misrepresented and exaggerated the evidence against the defendant. *Id*. The Tenth Circuit affirmed the district court. *Id*. at 1067. The Court said, "we conclude that the 'totality of the circumstances' surrounding the interrogation, and in particular the federal agents' promising Lopez that he would spend 6 rather than 60 years in prison if he admitted to killing Box by mistake and the Agents' misrepresenting the strength of the evidence they had against Lopez, resulted in Lopez's first confession being coerced and, thus, involuntary. *Id.* at 1066.

A promise of leniency made by officers in exchange for a confession is "relevant to determining whether a confession was involuntary." *United States v. Lopez*, 437 F.3d 1059, 1064 (10th Cir. 2006). If the court determines that coercive tactics were used by the officers, then it must next consider the personal characteristics of the defendant to determine whether his will was overborne.[38] In making this evaluation, the court considers the following: "(1) the defendant's age, intelligence, and education; (2) the length of the detention and interrogation; (3) the

4

length and nature of the questioning; (4) whether the defendant was advised of his constitutional rights; and (5) whether the defendant was subjected to or threatened with any physical punishment." *Id*.

In denying Mr. Nace's motion to suppress, the magistrate court failed to recognize the specific exchange during the custodial interrogation where the officer threatened Mr. Nace with the death penalty and the offer to request leniency if Mr. Nace made an inculpatory statement. Based on the coercive comments by the interviewing officers and the totality of the circumstances above, this Court should overrule the magistrate court's report and recommendation and grant the motion to suppress as to Mr. Nace's August 6, 2019 statement. Mr. Nace is middle-aged and did not graduate from high school. The custodial interrogation lasted approximately 43 minutes but was the last of four interviews. All law enforcement officers wore badges, military-style pants, and carried firearms. Although he was advised of his *Miranda* warnings, he was threatened with the possibility of the death penalty.

Therefore, Mr. Nace asks this Court to grant his motion to suppress statements as to his statement on August 6, 2019.

Dated: This 8th day of March, 2022.

Respectfully submitted,

*/s/ J. Wesley Bryant*
J. WESLEY BRYANT
Georgia Bar No. 091621
Attorney for Mr. Nace

CERTIFICATE OF SERVICE

I hereby certify that the foregoing Objections to Report and Recommendation has been formatted in Times New Roman 14 point, in accordance with Local Rule 5.1B, and was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following counsel of record:

>T. Cameron McEwen
>Assistant United States Attorney
>Eastern District of Oklahoma
>520 Denison Ave
>Muskogee, OK 74401

Dated: This 8th day of March, 2022.

>/s/ J. Wesley Bryant
>J. WESLEY BRYANT
>Georgia Bar No. 091621
>Attorney for Mr. Nace

Federal Defender Program, Inc.
Centennial Tower, Suite 1500
101 Marietta Street, N.W.
Atlanta, Georgia 30303
(404) 688-7530
Wes_Bryant@fd.org

6