# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　Plaintiff,<br><br>v.<br><br>JIMMY NACE,<br><br>　　Defendant. | Case No. CR-21-198-RAW |

## ORDER

The Defendant, a non-Indian, is charged in this case with the murder of Bobby Joe Dalpoas, an Indian, in Indian Country.  Now before the court is the Government's notice of other crimes, wrongs, or bad acts [Docket No. 96] and the Defendant's response thereto [Docket No. 109], which the court construes as a motion in limine.

The Government lists the following four convictions, stating that it will not offer evidence of them on direct, but may offer them to rebut any character evidence offered by the Defendant pursuant to Rules 404(a) and 405(a), to impeach the Defendant in the event he testifies pursuant to Rule 609, or to otherwise rebut defensive theories advanced at trial:

1. The Defendant's felony conviction for escape from the DOC or alternative incarceration (Tulsa County case number CF-2018-02918);
2. The Defendant's felony conviction for uttering a forged instrument (Tulsa County case number CF-2017-00222);
3. The Defendant's misdemeanor conviction for protective order violation (Tulsa County case number CF-2015-03947); and
4. The Defendant's felony conviction for burglary of a building in Galveston, Texas on or about February 23, 2010.

At the outset, the Defendant informs the court that he does not anticipate introducing evidence of his character pursuant to either Rule 404 or Rule 405.  He informs the court,

however, that his testimony is critical to his defense, and he requests that the court exclude the prior convictions, arguing that if he testifies, Rule 609 prohibits the admission of his convictions.

    Rule 609 provides in pertinent part:

> (a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
>   (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> 
>                   \* \* \*
> 
>     (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>   (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving – or the witness's admitting – a dishonest act or false statement.

Fed. R. Evid. 609(a)(1)(B) and (a)(2).  Rule 609 also provides that if more than ten years have passed since the conviction or release from confinement for it, whichever is later, it is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs it prejudicial effect; and
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

Fed. R. Evid. 609(b).

    As the Defendant argues, his misdemeanor conviction for protective order violation in Tulsa County, case number CF-2015-03947 is not admissible under Rule 609(a)(1), as the maximum potential penalty was "of not more than one (1) year." 22 OKLA. STAT. § 60.6.  Rule 609(a)(1) provides for admission of prior convictions "punishable by death or by imprisonment of more than one year."  As the court cannot readily determine that establishing the elements of his protective order violation required proving a dishonest act or false statement, it is also not admissible under Rule 609(a)(2).

The Defendant states that his felony conviction for uttering a forged instrument was simply for signing his name on the back of a check that did not belong to him and cashing it. As the Defendant acknowledges, however, this conviction has an element of a dishonest act. It is, therefore, admissible pursuant to Rule 609(a)(2). Of course, its admissibility is "confined to a showing of the essential facts of the conviction[], the nature of the crime[], and the punishment." *United States v. Commanche*, 577 F.3d 1261, 1270 (10th Cir. 2009) (citation omitted). "Care should be taken to the protect the accused as far as possible from being convicted because of past conduct and not the crime for which he is being tried." *Id*. at 1270-71.

As to the remaining convictions, pursuant to Rule 609(a)(1), the court considers the following five factors:

> (1) the impeachment value of the defendant's prior crimes; (2) the dates of the convictions and the defendant's subsequent history; (3) the similarity between the past crime and charged crime; (4) the importance of the defendant's testimony; and (5) the centrality of the defendant's credibility at trial.

*United States v. Smalls*, 752 F.3d 1227, 1240 (10th Cir. 2014).

The Defendant argues that the 2018 conviction for escape was simply for walking away from a transitional center and that the conviction has little impeachment value. The court does not agree. While the fourth factor – the importance of the defendant's testimony – may weigh against admission, the remaining four factors weigh in favor of it. The Defendant's having walked away from his transition center tends to show his dishonesty, thus giving it impeachment value. The date of the conviction is recent – 2018. The conviction is not similar to the one for which he is being tried, so there is little danger the jury would convict here based on the prior conviction. And finally, as the Defendant has argued the importance of his testimony, so is the centrality of his credibility. The probative value of the Defendant's 2018 escape conviction outweighs its prejudicial effect to him; thus, it may be introduced in the event the Defendant

testifies, but of course limited to the essential facts of the conviction, the nature of the crime, and the punishment.

The Defendant argues that the burglary occurred in 2009. The parties inform the court that the burglary conviction was on or about February 23, 2010, but do not state when the Defendant was released from confinement for the conviction. According to public records, the Defendant was sentenced to twelve months of confinement, and so was most likely released no later than February 23, 2011.[*] As the District of New Mexico has recognized, it is unclear if the ten-year period ends when a defendant is arrested, when he is indicted, or when his trial testimony begins. *See United States v. Phillips*, 487 F.Supp.3d 1126, 1129 (D.N.M. 2020). In any event, this case was filed on April 23, 2021, more than ten years later, and the Defendant was indicted on May 13, 2021.

Accordingly, the burglary conviction may not be admitted unless its probative value, supported by specific facts and circumstances, substantially outweighs it prejudicial effect. Weighing the same five factors, the court finds that it does not. While there is of course an element of dishonesty to any burglary, the court finds that because the conviction is more than ten years old, it has little impeachment value here. The lack of similarity does reduce the risk of unfair prejudice. Nevertheless, the Defendant's testimony is important to his defense, and while his credibility will be central at the trial, the ten-year old conviction has little impeachment value. The probative value of the burglary conviction does not substantially outweigh its prejudicial effect.

Accordingly, the Defendant's motion in limine [Docket No. 109] is hereby granted in part and denied in part as follows:

---

[*] http://publicaccess.co.galveston.tx.us/CaseDetail.aspx?CaseID=717011.

1. The Defendant's felony conviction for escape from the DOC or alternative incarceration (Tulsa County case number CF-2018-02918) – DENIED.
2. The Defendant's felony conviction for uttering a forged instrument (Tulsa County case number CF-2017-00222) – DENIED.
3. The Defendant's misdemeanor conviction for protective order violation (Tulsa County case number CF-2015-03947) – GRANTED.
4. The Defendant's felony conviction for burglary of a building in Galveston, Texas on or about February 23, 2010 - GRANTED.

**IT IS SO ORDERED** this 8th day of March, 2022.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**