# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF OKLAHOMA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>         Plaintiff,<br><br>v.<br><br>JIMMY NACE,<br><br>         Defendant. | Case No. CR-21-198-RAW |

## ORDER

The Defendant, a non-Indian, is charged in this case with the murder of Bobby Joe Dalpoas, an Indian, in Indian Country.  Now before the court is the Government's motion in limine and request to *voir dire* witnesses [Docket No. 170] and the Defendant's response thereto [Docket No. 172].  The court previously denied the Government's motion to exclude testimony by Ms. Dalpoa, Tyler Morgan, and/or Matthew Vermillion as to Tyler Morgan's and/or Matthew Vermillion's knowledge of Mr. Dalpoa's conduct, including violent acts against Ms. Dalpoa to establish their possible motives.

The Government now moves to exclude testimony about their knowledge of Mr. Dalpoa's sexual history with Ms. Dalpoa's daughter.  For the same reasons stated in the previous order, Docket No. 162, specifically, that this evidence is permissible under Rules 404(b)(2) and 403, the motion is denied.  Additionally, as the Defendant argues, the evidence is not offered for the truth of the matter asserted, but to show that someone other than the Defendant had a motive to murder Mr. Dalpoas.

The Government also requests the opportunity to *voir dire* Ms. Dalpoa, Tyler Morgan, and Matthew Vermillion as to Mr. Morgan's and Mr. Vermillion's knowledge of Mr. Dalpoa's prior acts outside the presence of the jury and requests that the court prohibit defense counsel from talking about the victim's violent acts in his opening statement and until Tyler Morgan's and Matthew Vermillion's knowledge can be ascertained.  This motion is also denied.  The jury can determine the credibility and believability of the witnesses.

**IT IS SO ORDERED** this 9th day of March, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**