# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JIMMY NACE,<br><br>Defendant. | Case No. CR-21-198-RAW |

## ORDER

The Defendant, a non-Indian, is charged in this case with the murder of Bobby Joe Dalpoas, an Indian, in Indian Country. Now before the court is the Defendant's motion in limine regarding the rule of completeness as it pertains to his statements to law enforcement on August 6, 2019 [Docket No. 151] and the Government's motion in limine regarding "high-quality denoised" versions of the same audio recordings from August 6, 2019 [Docket No. 169].

The Defendant seeks to introduce four statements from the August 6, 2019 interview to "provide context to the portions of the statement the government intends to publish." The Defendant states that the additional statements would add approximately two minutes. He attaches to his motion a transcript highlighting in blue the statements he seeks to introduce and highlighting in yellow the statements to which he argues they will provide context. Docket No. 151-1.

The Government informs the court that the last two statements the Defendant seeks to introduce – highlighted in blue on page 16 – have already been included in the Government's

trial exhibit numbers 44 and 46.  The Defendant's motion, therefore, is moot as to those statements.

As to the first two statements the Defendant seeks to introduce – highlighted in blue on pages 11-12 and on page 13 – the Government argues that they do not provide context to the surrounding statements, that they are irrelevant to the purpose of why the Government is introducing the surrounding statements, and that the Defendant is attempting to introduce inadmissible self-serving hearsay.

Rule 106 of the Federal Rules of Evidence provides:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part—or any other writing or recorded statement—that in fairness ought to be considered at the same time.

"The rule of compeleteness, both at common law and as partially codified in Rule 106, functions as a defensive shield against potentially misleading evidence proffered by an opposing party." *Echo Acceptance Corp. v. Household Retail Srvcs., Inc.*, 267 F.3d 1068, 1089 (10th Cir. 2001).

The rule of completeness does not always require admission of an entire statement, but it does require the admission of those portions of a statement that are "relevant to an issue in the case and necessary to clarify or explain the portion already received."  *United States v. Lopez-Medina*, 596 F.3d 716, 735 (10th Cir. 2010) (citation and internal quotations omitted).  In making the determination of whether to admit a disputed portion of a statement under the rule of completeness, the court considers whether:

> (1) it explains the admitted evidence,
> (2) places the admitted evidence in context,
> (3) avoids misleading the jury, and
> (4) insures fair and impartial understanding of the evidence.

*Id.* (citation and internal brackets and quotations omitted).  "This fairness principle can override the rule excluding hearsay."  *United States v. Harry*, 816 F.3d 1268, 1279-80 (10th Cir. 2016).

The court finds that the text highlighted in blue on pages 11-12 and on page 13 of Docket No. 151-1 explains and places the admitted evidence – highlighted in yellow – in context, avoids misleading the jury, and insures a fair and impartial understanding of the evidence.  Accordingly, in this instance, the fairness principle overrides the rule excluding hearsay.  Accordingly, the Defendant's motion is granted as to the first two statements.

The Government seeks to admit "high-quality denoised" versions of the August 6, 2019 recordings, arguing that in the original versions it is extremely hard to hear what the Defendant is saying and that in the "high-quality denoised" versions, the Defendant is clearly heard.  The Defendant objects, arguing that with the background noise removed, he could be construed as yelling.  The court will, of course, allow defense counsel to explain to the jury that the Defendant was not yelling and that the background noise has been removed to make it easier for them to hear what he was saying.  The Government's motion is granted.

As stated herein, the Defendant's motion in limine [Docket No. 151] is granted as to the first two statements and moot as to the last two statements.  The Government's motion in limine [Docket No. 169] is granted.

**IT IS SO ORDERED** this 9th day of March, 2022.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**