# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JIMMY HOLMES NACE, <br><br> Defendant. | Case No. CR-21-198-RAW |

## ORDER

Before the court is Defendant Jimmy Holmes Nace's motion to unseal certain documents for the purpose of providing him copies. He requests that Docket Numbers 157, 158, 159, and 199 be unsealed. He provides no argument or authority in support of his motion, stating only that his indigency is a matter of record and the documents are needed to weigh the merits of any collateral attack. The Government opposes the motion arguing that the court-approved reasons to seal the documents still exist. The court has reviewed the requested documents and agrees with the Government.

Moreover, "discovery in § 2255 habeas proceedings is governed by Rule 6 of the Rules Governing § 2255 Proceedings, which permits discovery only with leave of court after a showing of good cause. District courts routinely deny requests for such discovery absent a showing of good cause *after* a viable habeas petition has been filed." *United States v. Lowmaster*, No. 22-CR-10012-EFM, 2025 WL 755318, at *2 (D. Kan. Mar. 10, 2025).

Additionally, because the "Defendant has not yet filed a section 2255 motion, he is not entitled to these documents free of charge." *United States v. Haynes*, No. 6:07-CR-54-ORL-28UAM, 2009 WL 10714876, at *1 (M.D. Fla. Feb. 27, 2009) (citing *United States v. Anderson*,

No. 2:9401163, 1997 WL 138970 (E.D. Va. Mar. 14, 1997) ("there is no constitutional requirement that an indigent party collaterally attacking a conviction or sentence be supplied with court documents or transcripts at government expense without a showing of a 'particularized need for the documents'"); *United States v. Reed*, CRIM. No. 88-468-01, 1989 WL 140493 (E.D. Pa. Nov. 17, 1989) (before the court may order the clerk of court to provide a person with documents under section 2250, several requirements must be met: 1) the filing of a petition for writ of habeas corpus; 2) a court order allowing the petitioner to proceed in forma pauperis; 3) the filing of a request for the documents in the court in which the habeas corpus petition has been filed; and 4) a sufficient explanation of the need for the documents requested so that the court can determine the necessity of providing the requested documents); *United States v. Ali*, CRIM. A. No. 86-441, 1988 WL 86785 (E.D. La. July 26, 1988) (when the defendant has not filed a section 2255 motion or a petition for writ of habeas corpus, then he is not entitled to obtain copies of court records at Government expense)).

    The Defendant's motion [Docket No. 233] is therefore denied.

    **IT IS SO ORDERED** this 5th day of August, 2025.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**